UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOLANTA NIETUPSKA | CIVIL ACTION |
| VERSUS | NO: 22-cv-01609 |
| WAL-MART LOUISIANA, LLC | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed by the plaintiff, Jolanta Nietupska. Defendant, Wal-Mart Louisiana, LLC, opposes the motion. The motion, noticed for submission on July 20, 2022, is before the Court on the briefs without oral argument.

This suit arises out of a slip and fall that occurred at a Wal-Mart store on September 16, 2020 in Orleans Parish. The plaintiff, Jolanta Nietupska, alleges that she slipped on a liquid substance and fell "extremely hard" while shopping. (Rec. Doc. 1-1, Petition ¶ 6). Plaintiff filed suit in state court against the defendant, Wal-Mart Louisiana, LLC. Her petition recites the usual elements of damages associated with a slip and fall injury claim.

On June 3, 2022, Defendant removed the suit to this Court alleging diversity

jurisdiction. Relying on the "other paper" rule,[1] Defendant asserts that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, Plaintiff's medical records, bills, and discovery responses demonstrate that the jurisdictional amount for federal subject matter jurisdiction is satisfied. (Rec. Doc. 1, Notice of Removal ¶¶ 37-39).

Plaintiff now moves to remand the suit to state court arguing that Defendant has not met its burden to establish that the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states).

In *Guijarro v. Enterprise Holdings, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy is met in cases removed from a state court when the petition does not specify a dollar amount of damages. 39 F.4th 309, 314 (5th Cir. 2022) (noting that state court petitions in the Fifth Circuit are often silent on the dollar amount of damages when the amount in controversy is in dispute). In such cases, the removing defendant, as the party invoking

---

[1] The "other paper" rule reads as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). As the Fifth Circuit explained:

> The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Guijarro*, 39 F.4th at 314 (citing *Luckett*, 171 F.3d at 298).

If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

Defendant asserts that it is not facially apparent from the original petition that the amount in controversy requirement was satisfied in this case. (Rec. Doc. 1, Notice of Removal ¶ 4). Plaintiff concurs with Defendant's assertion. (Rec. Doc. 7-1, Plaintiff's Memorandum in Support at 3). The Court agrees.

To satisfy its burden as to the amount in controversy, Defendant included in the Notice of Removal other facts in controversy that it learned about in discovery: Plaintiff has two bulging discs and two disc desiccations to the lumbar spine; Plaintiff has been receiving ongoing treatment from a pain management doctor and has received three epidural steroid injections to the lumbar spine; Plaintiff's total confirmed medical expenses amount to $16,194.23. (Rec. Doc. 1, Notice of Removal ¶¶ 11-14).

Defendant also included a copy of Plaintiff's Answers to Interrogatories. (Rec. Doc. 1-5, Plaintiff's Answers to Interrogatories). Plaintiff's answers contain an itemized list of damages that include special damages (comprising medical expenses, lost wages, and a replaced iPhone) of $17,930.73 and general damages ranging between $65,000 and $70,000. (*Id.* ¶ 20). The damages listed in Plaintiff's answer establish that the sum or value of the amount in controversy exceeds $75,000. *See In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009) (noting the court considered consequential, incidental, general and special damages when determining whether, by a preponderance of the evidence, the amount in controversy exceeded the jurisdictional amount).

Acknowledging the foregoing, Plaintiff argues that Defendant cannot rely on statements made in discovery responses and pleadings to establish that the amount in controversy exceeds $75,000 while also denying that Plaintiff's injuries are causally related to the accident. (Rec. Doc. 7-1, Plaintiff's Memorandum in Support at 3). In support of this, Plaintiff cites to two cases in this district *Hatcher v. State Farm Mutual Automobile Insurance Co.*, No. 17-10853, 2017 WL 6334413, at *3 (E.D. La. Dec. 12, 2017) (Lemelle, J.), and *Hall v. Foremost Insurance Group*, No. 08-4065, 2008 WL 4507822, at *2 (E.D. La. Oct. 2, 2008) (Lemmon, J.). While the Court is not bound by these decisions, it has reviewed both cases and is not persuaded by Plaintiff's argument.

Defendant has satisfied its burden as to the amount in controversy at the time of removal, which is the only relevant time frame. *See Allen v. R & H Oil & Gas Co.*, 63

F.3d 1326, 1335 (5th Cir. 1995) (explaining that the jurisdictional facts that support removal must be judged at the time of the removal not afterward). The Court has subject matter jurisdiction and the case was properly removed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by the plaintiff, Jolanta Nietupska, is **DENIED**.

September 28, 2022

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE